UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID RODRIGUEZ, Individually and on Behalf of all Others Similarly Situated,<br>Plaintiff<br><br>- against -<br><br>UNIVERSITY SHOPS REALTY LLC and 1249 MELVILLE ROAD CORP.,<br>Defendants | 22cv3452<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, DAVID RODRIGUEZ, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, files this Complaint and respectfully alleges against Defendants UNIVERSITY SHOPS REALTY LLC and 1249 MELVILLE ROAD CORP.:

## NATURE OF THE CASE

1. In violation of well-settled, 30-year-old law, Defendants have made a financial decision to not remove a variety of unlawful architectural barriers which exist at its public accommodation. Instead, Defendants have chosen to create and follow a policy to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having equal access to and use of Defendants' public accommodation.

2. Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, and New York State Human Rights Law § 296 *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Suffolk County, New York.

9. Defendant UNIVERSITY SHOPS REALTY LLC is a New York limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Suffolk County.

10. Defendant UNIVERSITY SHOPS REALTY LLC is owner of the commercial property which houses a public accommodation named Changing Times Pub located at 1247 Melville Rd., Farmingdale, NY.

11. Defendant 1249 MELVILLE ROAD CORP. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Suffolk County.

12.     Defendant 1249 MELVILLE ROAD CORP. does business under the assumed name Changing Times Pub at 1247 Melville Rd., Farmingdale, NY.

## CLASS ACTION

13.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of the ADA and New York State Human Rights Law.

14.     Plaintiff, complaining for himself and all others similarly situated residents in Suffolk County and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15.     References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

16.     The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

3

17. The ADA and New York State Human Rights Law recognize individuals with disabilities as a protected class.

18. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

19. The ADA and New York State Human Rights Laws require a public accommodation to be readily accessible to and usable by a disabled individual.

20. If a public accommodation is altered in the manner that affects or could affect the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

21. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

22. All public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

23. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

24. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

25. If changes are made in the main use or dominant occupancy of such building, Defendants must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

26. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

27. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

28. The ADA and New York State Human Rights Law recognize individuals with disabilities as a protected class.

29. Discriminatory intent is not required to establish liability under ADA and New York State Human Rights Law.

## FACTUAL BACKGROUND

30. Plaintiff is paralyzed and cannot walk. As such, Plaintiff uses a wheelchair for mobility.

31. Defendant UNIVERSITY SHOPS REALTY LLC owns or leases the commercial property which houses the public accommodation named CHANGING TIMES PUB located at 1247 Melville Rd., Farmingdale, NY (hereinafter 'facility').

32. Defendant 1249 MELVILLE ROAD CORP. owns or operates the public accommodation named Changing Times Pub located at 1247 Melville Rd., Farmingdale, NY.

33. Plaintiff went to Defendants' public accommodation in or about April 2022 with his

friends.

34. At the time Plaintiff went to Defendants' public accommodation, he encountered and had numerous difficulties navigating the existing unlawful architectural barriers – *i.e.*, inaccessible entrance, lack of maneuvering clearance to enter or exit the public accommodation, lack of turning radius at the entrance, bar countertop is unreachable because it is too high and does not provide any forward or side access, inaccessible bathroom, numerous tables do not have sufficient knee clearance or proper height, and inaccessible parking.

35. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

36. Without the assistance of another patron, Plaintiff could not enter Defendants' public accommodation. Even with the assistance of another patron, Plaintiff had overwhelming difficulties entering and exiting Defendants' public accommodation because of the lack of maneuvering clearance, turning radius, and accessible route.

37. Once Defendants' public accommodation becomes readily accessible to and usable, Mr. Rodríguez would like to go with his friends to the bar/restaurant.

38. The removal of existing architectural barriers is readily achievable.

39. To date, Defendants have failed to remove the architectural barriers.

40. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. Defendants do not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix

6

B § 206.2 .1.

b.     An accessible entrance is not provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or entrance they serve in violation of the 2010 Standards § 206.2.1.

c.     An accessible route is not provided from the public streets and sidewalks to Defendant's entrance in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

d.     There does not exist an accessible route to enter Defendants' public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

e.     An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

f.     There is insufficient maneuvering clearance perpendicular to the interior entrance doors in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.

g.     There is less than 48 inches plus the width of the door swinging into the space of distance between the 2 hinged entrance doors in series in violation of the 1991 Standards 4.13.7; 2010 Standards § 404.2.6.

7

h. The exit doors lacks level sufficient maneuvering clearance to exit Defendants public accommodation in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

i. Upon information and belief, the interior hinged doors have a force for pushing or pulling open a door, other than fire doors, is 5 pounds maximum. in violation of the 2010 Standards § 404.2.9.

j. The walkway to enter each of Defendants' public accommodation have unlawful changes in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

k. Upon information and belief, the floor and ground surfaces which exist at the location where the accessible parking spaces and access aisles do not comply with the 2010 Standards § 502.4.

l. Upon information and belief, the running and cross slope of the existing curb ramp are steep in violation of the 1991 Standards § 4.8.2 and 2010 Standards § 405.2.

m. There does not exist sufficient number of accessible parking spaces in violation of the 2010 Standards § 208.

n. Upon information and belief, Defendants bathrooms are inaccessible in violation of the 1991 Standards; 2010 Standards.

o. The door hardware of Defendants' bathrooms is inaccessible in violation of 1991 Standards § 4.13.9; 2010 Standards § 309. The door hardware cannot be operated with one hand and requires tight grasping, pinching, and twisting of the wrist.

p.       The centerline of the toilet is not 16 inches minimum to 18 inches maximum from the side wall in violation of 2010 Standards § 604.2.

q.       The height of the toilet must be 17 inches to 19 inches, measured to the top of the toilet seat in compliance with 1991 Standards § 4.16.3.

r.       The bathroom does not have sufficient clear floor space. The floor space available is less than 48 inches wide and 56 inches long in violation of 1991 Standards § 4.16.2, and less than 56 inches minimum measured perpendicular from the rear wall and 60 inches minimum measured perpendicular from the sidewall in violation of the 2010 Standards § 604.3.

s.       There does not exist proper turning radius, maneuvering clearance, and accessible route to enter the public use bathrooms in violation of the 2010 Standards §§ 304, 305 and 402.

t.       The entrance door to the bathroom opens into the bathroom which takes away from the clear floor space in violation of the 2010 Standards 603.2.3.

u.       The bathrooms like grab bars in accordance with the ADA.

v.       The lavatories and sinks are inaccessible in violation of the 1991 Standards § 4.19; 2010 Standards § 606..

w.       There does not exist any clear floor space to access the bathrooms sink in violation of the 1991 Standards §§ 4.19, 4.24.5 and 2010 Standards § 606.2.

    x.    The bathrooms sink is inaccessible in violation of the 1991 Standards §§ 4.19, 4.24. and 2010 Standards § 606. The sink does not have any knee clearance in violation of 1991 Standards 4.24.5.

    y.    There lacks sufficient wheelchair seating space at the dining tables.

    z.    The bar is inaccessible and cannot be accessed by a person in a wheelchair.

    aa.    There does not exist parallel or forward approach to access the bar.

    bb.    The board is at an inaccessible height.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)
(Injunctive Relief)

41. Defendants' public accommodation named *Changing Times Pub* is located at 1247 Melville Rd., Farmingdale, NY is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

42. Defendants have failed to make adequate accommodations and modifications to its public accommodation named Changing Times Pub, which is located at 1247 Melville Rd., Farmingdale, NY.

43. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

44. There exist readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

45. Defendants failed to make the necessary readily achievable modifications to its public accommodation.

46. Upon information and belief, since 1992, Defendants facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

47. It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

48. Defendants failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

49. It is not structurally impracticable for Defendants' facility to be accessible.

50. Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

51. Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

52. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

53. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

54. Defendants have not afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

55. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

56. Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

57. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

58. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

59. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

60. Defendants should have achieved accessibility by January 26, 1992.

61. The barriers to access Defendants' facility continue to exist.

62. Reasonable accommodations exists which do not impose an undue hardship on the

operation of the Defendants' program or activity.

63. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

(Injunctive Relief and Damages on Behalf of Plaintiffs)

64. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

65. Defendants' public accommodation named CHANGING TIMES PUB is located at 1247 Melville Rd., Farmingdale, NY is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

66. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

67. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

68. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

69. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

70. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

13

71. Defendants discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

72. As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

(Statutory Damages on Behalf of Plaintiffs)

73. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

74. On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

75. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

76. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

77. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief)

78. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

79. Plaintiff is entitled to a declaratory judgment concerning the violations committed by

Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

80. Issue a permanent injunction enjoining Defendants from disability discrimination.

81. Issue a permanent injunction ordering Defendants to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

82. Issue a permanent injunction requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

A. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Laws and Title III of the ADA.

B. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, and New York State law, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

15

C.	Hold Defendants liable for $500 for *each* and every civil rights violation pursuant to New York State Civil Rights Law § 40-c and 40-d.

D.	Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

E.	The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

F.	Award Plaintiff compensatory damages in the amount of $10,000 for Defendants discrimination in violation of New York State Human Rights Law.

G.	Award Plaintiff punitive damages in the amount to be determined at trial for Defendants violation of New York State Human Rights Laws.

H.	Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

I.	For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: June 1, 2022

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X _____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com